UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

JACKIE WAYNE STONE                                                    PLAINTIFF

v.                                            CIVIL ACTION NO. 1:22-CV-P112-GNS

JOSEPH BIDEN *et al.*                                                 DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action.  The matter is before the

Court for screening of the complaint pursuant to 28 U.S.C. § 1915A.  For the reasons set forth

below, the Court will dismiss this action.

**I.**

Plaintiff Jackie Wayne Stone is a convicted prisoner incarcerated at the Larue County

Detention Center (LCDC).  He names the following as Defendants in this action – Assistant

Commonwealth's Attorney Angela Call; Assistant Kentucky Attorney General Stephanie L.

McKeehan; Kentucky Attorney General Daniel Cameron; Kentucky Governor Andy Beshear; and

United States President Joseph Biden.  Plaintiff sues these Defendants in both their official and

individual capacities.

The complaint pertains to a state-court criminal action proceeding against Plaintiff in

Taylor Circuit Court – *Commonwealth v. Stone*, No. 21-CR-00247-001.[1]

Plaintiff makes the following allegations:

[] July 5, 2021, I was put in Jail for 3 to 4 months and bond hearing and court dates,
Angela Call mistaken me for somebody else I had to tell the Judge my name and
birthdate . . . .

---

[1] The KYeCourts CourtNet 2.0 system (CourtNet), *see* https://kcoj.kycourts.net/kyecourts, shows that Plaintiff entered
a guilty plea in this action on March 15, 2022.  *See* Taylor Circuit Court, No. 21-cr-00247-001. Courts may take
judicial notice of public records.  *See New England Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336
F.3d 495, 501 (6th Cir. 2003) ("A court that is ruling on a Rule 12(b)(6) motion may consider materials in addition to
the complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.").

[] January 14, 2022, Taylor County Sheriff Brent Burkhead lied under oth.  It was stated in open court. knowingly . . . allowed forgery to take place . . . .

[] I gave the Judge a notarized statement I cant remember the court date he gave it to the prosecutor. It was about my Court appointed attorney who tried to solistate one of his clints to assault me and because she is friends and she was not arrested nor charged . . . .

Angela Call did violate my due process and my constitutional rights her actions are in clear violations of my rights . . . .

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

2

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard

of review does require more than the bare assertion of legal conclusions.  *See Columbia Natural*

*Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The Court's duty "does not require [it] to

conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a

claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the court "to explore exhaustively all potential claims of a

*pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful

strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations

of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351

(6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Gomez v. Toledo*, 446

U.S. 635 (1980).   "[A] plaintiff must allege the violation of a right secured by the Constitution

and laws of the United States, and must show that the alleged deprivation was committed by a

person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Absent either

element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A.  Defendant Call

As an Assistant Commonwealth's Attorney, Defendant Call is an officer of the State.

When state officials are sued in their official capacities for damages, they are not "persons" subject

to suit within the meaning of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)

(concluding that a state, its agencies, and its officials sued in their official capacities for damages

are not considered persons for the purpose of a § 1983 claim).  Moreover, state officials sued in

their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity."). Thus, Plaintiff's official-capacity claim against Defendant Call must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a Defendant immune from suit.

Plaintiff's individual-capacity claim against Defendant Call is also subject to dismissal because it is well-established that prosecutors are entitled to absolute immunity for conduct intimately associated with the judicial phase of the criminal process. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002). Prosecutorial immunity even applies when a prosecutor acts wrongfully or maliciously. *See, e.g.*, *Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989). Because Plaintiff's allegations against Defendant Call seem to pertain only to the judicial phase of state-court criminal proceedings against him, his individual-capacity claim against her is barred by prosecutorial immunity and must be dismissed.

### B. Defendants Biden, Cameron, McKeehan, and Beshear

As to Plaintiff's claims against Defendants Biden, Cameron, McKeehan, and Beshear, Plaintiff makes no allegations against them. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint

where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 U.S. App. LEXIS 30782, 2000 U.S. App. LEXIS 30782, at *7 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Thus, the Court will dismiss Plaintiff's claims against Defendants Biden, Cameron, McKeehan, and Beshear for failure to state a claim upon which relief may be granted.

**IV.**

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date:   October 7, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendants
4416.011